3692.000

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF COOK | ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

**GEELA WILLIAMS**,

        Plaintiff,

    v.

**CITY OF CHICAGO**, an Illinois Municipal Corporation, **NICK ZATTAIR**, and **COLLIN WARREN**,

        Defendants.

Case Number: 2018L000536

Honorable James N. O'Hara
Courtroom 2206

Calendar A

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:    See attached Service List

    **YOU ARE HEREBY NOTIFIED** that on **Monday, December 17, 2018,** I have electronically filed with the Clerk of the Circuit Court of Cook County, County Department - Law Division, the following: **First Amended Complaint at Law**.

    I, Jessica Di Benedetto, a non-attorney, being first duly sworn on oath, deposes and states that I served a true and correct copy of the foregoing notice and pleading upon the above-named attorney(s), by U.S. Mail, with proper postage prepaid, at Two Arboretum Lakes, 901 Warrenville Road, Lisle, Illinois 60532 on **Monday, December 17, 2018**.

                          /s/    Patrick L. Provenale

[X]    Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct

Patrick L. Provenzale
Nemura G. Pencyla
[ #42772 ]
Ekl, Williams & Provenzale LLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-8318 *Facsimile*
pprovenzale@eklwilliams.com
npencyla@eklwilliams.com

# SERVICE LIST

RE: Williams v. City of Chicago
Court Number: 2018 L 000536
Our File Number: 3692.000

Patrick L. Provenzale
Nemura G. Pencyla
Ekl, Williams & Provenzale LLC
[ #42772 ]
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-9975
(630) 654-8318 *Facsimile*
pprovenzale@eklwilliams.com
npencyla@eklwilliams.com
*Attorneys for Plaintiff*


Jessica L. Griff, Assistant Corporation Counsel III
Christine Wee, Assistant Corporation Counsel III
Maxwell Lisy, Assistant Corporation Counsel III
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago IL 60601
(312) 744-2826
(312) 744-6566 *Facsimile*
jessica.griff@cityofchicago.org
christine.wee@cityofchicago.org
maxwell.lisy@cityofchicago.org
*Attorneys for Defendants City of Chicago, Nick Zattair, and Collin Warren*

3692.000

STATE OF ILLINOIS   )
                    ) SS
COUNTY OF COOK      )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| **GEELA WILLIAMS**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF CHICAGO,** an Illinois Municipal Corporation, **NICK ZATTAIR,** and **COLLIN WARREN** <br><br> Defendants. | No.:  2018L000536 <br> Honorable James N. O'Hara <br> Courtroom 2206 <br> Calendar A |

### FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, Geela Williams, by and through her attorneys, Ekl, Williams & Provenzale LLC, and complaining of the Defendants, City of Chicago, Nick Zattair and Collin Warren, upon information and belief, states as follows:

I. Introduction

1. This action is brought seeking damages to redress violations of the Plaintiff's rights guaranteed under the Fourth Amendment to the United States Constitution and under Illinois law related to the Defendants' unlawful entry onto private property and the unreasonable seizure of and subsequent physical injury to Plaintiff. Additionally, Plaintiff alleges that Defendants acted intentionally, or deliberately, willfully and wantonly in causing severe injury to Plaintiff. Plaintiff also alleges intentional infliction of emotional distress.

## The Parties

2. The Plaintiff, Geela Williams, at all times relevant hereto was a citizen of the United States, and a resident of the County of Cook, State of Illinois, enjoying all the rights and privileges of the laws of the State of Illinois and the United States of America.

3. The Defendant, City of Chicago, is an Illinois Municipal Corporation duly chartered and organized under the laws of the State of Illinois located within the County of Cook, State of Illinois, at all times relevant hereto employing several Chicago Police Officers, including Officer Collin Warren Badge #18398, Sgt. Nick Zattair Badge #828 and 2 as-yet unidentified officers.

4. The Defendant, Nick Zattair, badge number 828, at all relevant times was the duly authorized agent and/or employee of the City of Chicago, Illinois, employed and acting at all times in his capacity of a sworn law enforcement officer in the execution or enforcement of laws within the scope of employment with the Defendant, City of Chicago, Illinois, and under color of law, and is believed to be a resident of Cook County, Illinois.  This Defendant is sued in his individual capacity.

5. The Defendant, Collin Warren, badge number 18398, at all relevant times was the duly authorized agent and/or employee of the City of Chicago, Illinois, employed and acting at all times in his capacity of a sworn law enforcement officer in the execution or enforcement of laws within the scope of employment with the Defendant, City of Chicago, Illinois, and under color of law, and is believed to be a resident of Cook County, Illinois.  This Defendant is sued in his individual capacity.

## Facts Common to All Counts of the Complaint

6. Chicago Police Officer Collin Warren #18398, is a sworn police officer under the laws of the State of Illinois, and at all times relevant hereto was an agent and/or employee of the Defendant, City of Chicago, acting within the scope of his employment in the execution or enforcement of laws.

7. Chicago Police Sgt. Nick Zattair #828, is a sworn police officer under the laws of the State of Illinois, and at all times relevant hereto was an agent and/or employee of the Defendant, City of Chicago, acting within the scope of his employment in the execution or enforcement of laws.

8. Additional Chicago Police Officers, as yet un-identified, are sworn police officers under the laws of the State of Illinois, and at all times relevant hereto were agents and/or employees of the Defendant, City of Chicago, acting within the scope of their employment in the execution or enforcement of laws.

9. In the early morning hours of July 28, 2017, the Plaintiff, Geela Williams (hereinafter "Geela"), was standing in the enclosed, fenced-in back yard of a private residence located at 5914 S. Emerald Avenue, Chicago, County of Cook, Illinois. Geela was engaged in conversation with one or more persons; had not committed, was not committing, and was not about to commit any violations of law; and was a lawful invitee and guest.

10. Defendant Zattair, while standing outside the fence line of the backyard, commanded and ordered numerous Chicago Police Officers, including

Defendant Warren, into the private back yard, said command and order being issued without sufficient lawful basis or cause.

  11. While Plaintiff was speaking with other invitees, numerous Chicago Police Officers, including Sgt. Zattair and Officer Warren, without permission or consent from any persons authorized to give said permission or consent, and without any lawful authority in the form of provocation, reasonable articulable suspicion, probable cause, warrant, or exigent circumstances, breached the fence line of the back yard, entered the previously closed gate and swarmed into the back yard, all the while acting within the scope of their employment for the Defendant, the City of Chicago, and under color of law.

  12. One or more officers, including Officer Warren and 2 other as-yet unidentified officers, once having forcibly gained entry into the fenced-in back yard, intentionally or with deliberate, willful and wanton disregard for Geela's physical safety, forcefully and violently, without any notice, warning, or legal justification or provocation, shoved Geela to the ground, all the while acting within the scope of their employment for the Defendant, the City of Chicago, and under the color of law.

  13. As a direct result of the intentional or deliberate, willful and wanton actions of the Officers, Geela suffered a broken leg bone, including but not limited to multiple fractures of her lower leg.

14. As a proximate result of the physical injury inflicted to Geela, she also suffered, and will in the future continue to suffer, severe damages including continuing medical care, loss of reputation, mental anguish, emotional distress, lost wages and employment, and legal expenses, as alleged herein.

COUNT I
CITY OF CHICAGO, RESPONDEAT SUPERIOR
*Intentional or Deliberate, Willful and Wanton Conduct*

15. The Plaintiff re-alleges by incorporation herein ¶¶1 through 14, above, as if fully set forth herein.

16. At all times relevant hereto, the Plaintiff, Geela Williams, enjoyed the rights and privileges as a citizen and resident of the State of Illinois to be free from tortious physical and emotional injury.

17. On July 28th, 2017, the Defendant, City of Chicago, acting by and through its duly authorized agents and/or employees, acting within the scope of their employment for the Defendant, the City of Chicago, shoved and injured the Plaintiff, Geela Williams, without any lawful authority, cause or provocation, intentionally or with deliberate, willful and wanton disregard for Geela Williams' safety, directly and proximately causing multiple fractures to her leg.

WHEREFORE, the Plaintiff, Geela Williams, demands judgment against the Defendant, City of Chicago, for compensatory damages in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this suit.

# COUNT II
# IIED - RESPONDEAT SUPERIOR
*City of Chicago*

18. The Plaintiff re-alleges by incorporation herein the allegations set forth in ¶¶1 through 17, above, as if fully set forth herein.

19. Notwithstanding the numerous Chicago Police Officers who were present during the relevant times listed above, no Chicago Police Officer called for emergency medical services or ambulatory response after Geela had been severely injured by the Chicago Police Officers.

20. Geela, after having been severely injured by the Chicago Police Officers, loudly and repeatedly shouted that she had been injured, couldn't walk or move, and was in severe agony.

21. Emergency Medical Services were eventually dispatched to the above location, even though numerous Chicago Police Officers were present and had failed to call or notify EMS earlier.

22. On July 28, 2017, the Defendant, City of Chicago, acting by and through its duly authorized agents and employees, acting within the scope of their employment for the Defendant, City of Chicago, engaged in extreme and outrageous conduct against the Plaintiff, Geela Williams, with the intent to inflict severe emotional distress or under such circumstances as to know there was a high probability that such conduct would inflict severe emotional distress, through the intentional or deliberate, wanton and willful acts against Plaintiff as described herein above, including but not limited to forcibly gaining entry to a private residential back yard, rushing at and forcibly shoving Geela to the ground, and in so

doing, placing Geela in reasonable apprehension of receiving further injury and additional bodily harm.

23. After the Defendant, City of Chicago, acting by and through its duly authorized agents and employees, acting within the scope of their employment for the Defendant, City of Chicago, engaged in extreme and outrageous conduct against the Plaintiff, Geela Williams, with the intent to inflict severe emotional distress or under such circumstances as to know there was a high probability that such conduct would inflict severe emotional distress, through the intentional or deliberate, wanton and willful acts against Plaintiff as described herein above, and thereafter failed to provide emergency medical assistance to or to call for emergency medical assistance after causing severe and traumatic injury to Geela, forcing Geela to continue to suffer from her inflicted injuries.

24. As a proximate result of the one or more of the aforementioned extreme and outrageous acts of the Chicago Police Officers, acting within the scope of their employment for the Defendant, the City of Chicago, the Plaintiff suffered and will in the future continue to suffer severe emotional distress.

WHEREFORE, the Plaintiff, Geela Williams, demands judgment against the Defendant, City of Chicago, for compensatory damages in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this suit.

<u>COUNT III</u>
4TH AMENDMENT (UNLAWFUL ENTRY) - 42 U.S.C. §1983
*Defendant Zattair*

25. The Plaintiff re-alleges by incorporation herein the allegations set forth in ¶¶1 through 24, above, as if fully set forth herein.

26. On and prior to July 28, 2017, the Plaintiff, Geela Williams, was guaranteed the right to be secure in her person and, as lawful invitee or guest, in another's house, against unreasonable seizures pursuant to the Fourth Amendment to the Constitution of the United States. Plaintiff Geela Williams was entitled to be free from the consequences of the unlawful seizure of her person and the consequences of the unlawful entry of the Defendants onto private property, said seizure and entry without warrant, probable cause or other recognized legal basis, in violation of the Fourth Amendment to the Constitution of the United States.

27. That the acts of Defendant Zattair in commanding and ordering Chicago Police Officers to enter the private property as described above and incorporated by reference were in violation of the Fourth Amendment to the Constitution of the United States.

28. As a direct and proximate result of the individual acts of the Defendants, Plaintiff Geela Williams suffered a broken leg bone, including but not limited to multiple fractures of her lower leg, endured and experienced severe and extreme conscious physical, mental and emotional pain and suffering.

29. As a proximate result of the physical injury inflicted to Geela, she also suffered, and will in the future continue to suffer, severe damages including

continuing medical care, loss of reputation, mental anguish, emotional distress, lost wages and employment, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Geela Williams, demands judgment against the Defendant, Nick Zattair, for compensatory damages in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus reasonable attorney's fee and costs pursuant to 42 U.S.C. §1988, plus costs of this suit.

<u>COUNT IV</u>
**<u>4TH AMENDMENT (UNLAWFUL ENTRY) 42 U.S.C. §1983</u>**
*Defendant Warren*

30. The Plaintiff re-alleges by incorporation herein the allegations set forth in ¶¶1 through 29, above, as if fully set forth herein.

31. On and prior to July 28, 2017, the Plaintiff, Geela Williams, was guaranteed the right to be secure in her person and, as lawful invitee or guest, in another's house, against unreasonable seizures pursuant to the Fourth Amendment to the Constitution of the United States. Plaintiff Geela Williams was entitled to be free from the consequences of the unlawful seizure of her person and the consequences of the unlawful entry of the Defendants onto private property, said seizure and entry without warrant, probable cause or other recognized legal basis, in violation of the Fourth Amendment to the Constitution of the United States.

32. That the acts of Defendant Warren in entering the private property as described above and incorporated by reference were in violation of the Fourth Amendment to the Constitution of the United States.

33.     As a direct and proximate result of the individual acts of the Defendants, Plaintiff Geela Williams suffered a broken leg bone, including but not limited to multiple fractures of her lower leg, endured and experienced severe and extreme conscious physical, mental and emotional pain and suffering.

34.     As a proximate result of the physical injury inflicted to Geela, she also suffered, and will in the future continue to suffer, severe damages including continuing medical care, loss of reputation, mental anguish, emotional distress, lost wages and employment, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Geela Williams, demands judgment against the Defendant, Collin Warren, for compensatory damages in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus reasonable attorney's fee and costs pursuant to 42 U.S.C. §1988, plus costs of this suit.

COUNT V
**4TH AMENDMENT (UNLAWFUL SEIZURE/EXCESSIVE FORCE)**
**42 U.S.C. §1983**
*Defendant Warren*

35.     The Plaintiff re-alleges by incorporation herein the allegations set forth in ¶¶1 through 34, above, as if fully set forth herein.

36.     On and prior to July 28, 2017, the Plaintiff, Geela Williams, was guaranteed the right to be secure in her person and, as lawful invitee or guest, in another's house, against unreasonable seizures pursuant to the Fourth Amendment to the Constitution of the United States.  Plaintiff Geela Williams was entitled to be free from the consequences of the unlawful seizure of her person and the consequences of the unlawful entry of the Defendants onto private property, said

seizure and entry without warrant, probable cause or other recognized legal basis, in violation of the Fourth Amendment to the Constitution of the United States.

37. That the acts of Defendant Warren in using excessive force upon Plaintiff Geela Williams as described above and incorporated by reference were in violation of the Fourth Amendment to the Constitution of the United States.

38. As a direct and proximate result of the individual acts of the Defendant, Plaintiff Geela Williams suffered a broken leg bone, including but not limited to multiple fractures of her lower leg, endured and experienced severe and extreme conscious physical, mental and emotional pain and suffering.

39. As a proximate result of the physical injury inflicted to Geela, she also suffered, and will in the future continue to suffer, severe damages including continuing medical care, loss of reputation, mental anguish, emotional distress, lost wages and employment, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Geela Williams, demands judgment against the Defendant, Collin Warren, for compensatory damages in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus reasonable attorney's fee and costs pursuant to 42 U.S.C. §1988, plus costs of this suit.

### COUNT VI
### INDEMNIFICATION

40. Plaintiff re-alleges by incorporation herein the allegations set forth in ¶¶1 through 39, above by reference as if fully set forth herein.

41. Pursuant to §9-102 of the Local Government and Governmental Employees Tort Immunity Act ("the Act"), a local public entity is directed to pay any

tort judgment or settlement for compensatory damages for which it or an employee acting within the scope of his employment is liability. 745 ILCS 10/9-102.

42. The City of Chicago is a local public entity as defined by the Act. 745 ILCS 10/1-206.

43. At all relevant times, the Defendants, Zattair and Warren, were employees of the City of Chicago and acting on behalf of and/or within the scope of their employment with the City of Chicago, State of Illinois.

WHEREFORE, Plaintiff, Geela Williams, demands judgment against the Defendant, City of Chicago, Illinois, as indemnor, for compensatory damages awarded against or agreed to be paid by Defendants, ZATTAIR and WARREN, as such amounts may be adjudged or determined and any other relief the Court deems just and appropriate.

*Plaintiff demands trial by jury on all issues so triable.*

Respectfully submitted by,

/s/ Patrick L. Provenzale
Ekl, Williams & Provenzale LLC
*Attorneys for Plaintiff*

Patrick L. Provenzale
Nemura G. Pencyla
[ #42772 ]
Ekl, Williams & Provenzale LLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-8318 *Facsimile*
pprovenzale@eklwilliams.com
npencyla@eklwilliams.com