**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Geela Williams, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 CV 8355 |
| vs. | ) | |
| | ) | Judge Matthew F. Kennelly |
| City of Chicago, | ) | |
| an Illinois municipal corporation, | ) | Magistrate Judge M. David Weisman |
| Nick Zattair and Collin Warren, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

The City of Chicago (hereinafter, "the City"), Nick Zattair ("Sergeant Zattair") and Collin Warren ("Officer Warren") (collectively "Defendants"), by and through one of their attorneys, Christine K. Wee, Assistant Corporation Counsel, respectfully answers plaintiff, Geela Williams' complaint and in support, states:

### I.    Introduction

1.    This action is brought seeking damages to redress violations of the Plaintiff's rights guaranteed under the Fourth Amendment to the United States Constitution and under Illinois law related to the Defendants' unlawful entry onto private property and the unreasonable seizure of and subsequent physical injury to Plaintiff. Additionally, Plaintiff alleges that Defendants acted intentionally, or deliberately, willfully and wantonly in causing severe injury to Plaintiff. Plaintiff also alleges intentional infliction of emotional distress.

**ANSWER**: Defendants acknowledge that the plaintiff brings an action with certain allegations, but denies any wrongdoing as alleged herein and denies the allegations set forth in this paragraph.

2.    The Plaintiff, Geela Williams, at all times relevant hereto was a citizen of the United States, and a resident of the County of Cook, State of Illinois, enjoying all the rights and privileges of the laws of the State of Illinois and the United States of America.

**ANSWER**: Defendants lack knowledge as to whether plaintiff was a citizen of the United States at all times relevant. Defendants admit to the remaining allegations contained in this paragraph.

3. The Defendant, City of Chicago, is an Illinois Municipal Corporation duly chartered and organized under the laws of the State of Illinois located within the County of Cook, State of Illinois, at all times relevant hereto employing several Chicago Police Officers, including Officer Collin Warren Badge #18398, Sgt. Nick Zattair Badge #828 and 2 as-yet unidentified officers.

**ANSWER**: Defendants admit that the City is a municipal corporation duly chartered and organized under the laws of the State of Illinois located within the County of Cook, State of Illinois. The City is the employer of Officers Zattair and Warren, and is the principal, while Officers Zattair and Warren are on duty and acting color of law and within the scope of their employment. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding "2 as-yet unidentified officers."

4. The Defendant, Nick Zattair, badge number 828, at all relevant times was the duly authorized agent and/or employee of the City of Chicago, Illinois, employed and acting at all times in his capacity of a sworn law enforcement officer in the execution or enforcement of laws within the scope of employment with the Defendant, City of Chicago, Illinois, and under color of law, and is believed to be a resident of Cook County, Illinois. This Defendant is sued in his individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph, but Sergeant Zattair denies any wrongdoing as alleged herein.

5. The Defendant, Collin Warren, badge number 18398, at all relevant times was the duly authorized agent and/or employee of the City of Chicago, Illinois, employed and acting at all times in his capacity of a sworn law enforcement officer in the execution or enforcement of laws within the scope of employment with the Defendant, City of Chicago, Illinois, and under color of law, and is believed to be a resident of Cook County, Illinois. This Defendant is sued in his individual capacity.

**ANSWER**: Defendants admit the allegations contained in this paragraph, but Officer Warren denies any wrongdoing as alleged herein.

## Facts Common to All Counts of the Complaint

6.     Chicago Police Officer Collin Warren #18398, is a sworn police officer under the laws of the State of Illinois, and at all times relevant hereto was an agent and/or employee of the Defendant, City of Chicago, acting within the scope of his employment in the execution or enforcement of laws.

**ANSWER**: Defendants admit the allegations contained in this paragraph..

7.     Chicago Police Sgt. Nick Zattair #828, is a sworn police officer under the laws of the State of Illinois, and at all times relevant hereto was an agent and/or employee of the Defendant, City of Chicago, acting within the scope of his employment in the execution or enforcement of laws.

**ANSWER**: Defendants admit the allegations contained in this paragraph..

8.     Additional Chicago Police Officers, as yet un-identified, are sworn police officers under the laws of the State of Illinois, and at all times relevant hereto were agents and/or employees of the Defendant, City of Chicago, acting within the scope of their employment in the execution or enforcement of laws.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

9.     In the early morning hours of July 28, 2017, the Plaintiff, Geela Williams (hereinafter "Geela"), was standing in the enclosed, fenced-in back yard of a private residence located at 5914 S. Emerald Avenue, Chicago, County of Cook, Illinois. Geela was engaged in conversation with one or more persons; had not committed, was not committing, and was not about to commit any violations of law; and was a lawful invitee and guest.

**ANSWER**: Defendants admit that in the early morning hours of July 28, 2017 Plaintiff was in the yard at 5914 S. Emerald Avenue, Chicago IL. Defendants deny that the yard was fully enclosed and that Plaintiff had not committed, was not committing, and was not about to commit any violations of law. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained in this paragraph.

10.     Defendant Zattair, while standing outside the fence line of the backyard, commanded and ordered numerous Chicago Police Officers, including Defendant Warren, into the private back yard, said command and order being issued without sufficient lawful basis or cause.

**ANSWER**: Defendants admit that Sergeant Zattair was standing outside the fence line of the backyard, and commanded and ordered Chicago Police Officers, including Officer Warren, into the backyard. Defendants deny the remaining allegations set forth in this paragraph.

11.     While Plaintiff was speaking with other invitees, numerous Chicago Police Officers, including Sgt. Zattair and Officer Warren, without permission or consent from any persons authorized to give said permission or consent, and without any lawful authority in the form of provocation, reasonable articulable suspicion, probable cause, warrant, or exigent circumstances, breached the fence line of the back yard, entered the previously closed gate and swarmed into the back yard, all the while acting within the scope of their employment for the Defendant, the City of Chicago, and under color of law.

**ANSWER**: Defendants admit that numerous Chicago police officers, including Sergeant Zattair and Officer Warren entered the yard at 5914 S Emerald Avenue and that the Defendants did not have consent to enter. Defendants further admit that Officer Warren and Sergeant Zattair were acting within their scope of employment. Defendants lack knowledge or information sufficient to form a belief as to the unidentified or unnamed officers acting within the scope of their employment and, therefore, neither admit nor deny same. Defendants deny the remaining allegations.

12.     One or more officers, including Officer Warren and 2 other as-yet unidentified officers, once having forcibly gained entry into the fenced-in back yard, intentionally or with deliberate, willful and wanton disregard for Geela's physical safety, forcefully and violently, without any notice, warning, or legal justification or provocation, shoved Geela to the ground, all the while acting within the scope of their employment for the Defendant, the City of Chicago, and under the color of law.

**ANSWER**: Defendants admit that Officer Warren was acting within the scope of his employment. Defendants lack knowledge or information sufficient to form a belief as to unidentified or unnamed officers acting within the scope of their employment and, therefore, neither admit nor deny same. Defendants deny the remaining allegations.

13.     As a direct result of the intentional or deliberate, willful and wanton actions of the Officers, Geela suffered a broken leg bone, including but not limited to multiple fractures of her lower leg.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

4

14.     As a proximate result of the physical injury inflicted to Geela, she also suffered, and will in the future continue to suffer, severe damages including continuing medical care, loss of reputation, mental anguish, emotional distress, lost wages and employment, and legal expenses, as alleged herein.

**ANSWER**: Defendants deny the allegations contained in this paragraph

## COUNT I
## CITY OF CHICAGO, RESPONDEAT SUPERIOR
### *Intentional or Deliberate, Willful and Wanton Conduct*

15.     The Plaintiff re-alleges by incorporation herein ¶¶1 through 14, above, as if fully set forth herein.

**ANSWER**: Defendants re-state and incorporate their respective answers to paragraphs 1-14

above as though set forth herein in their entirety.

16.     At all times relevant hereto, the Plaintiff, Geela Williams, enjoyed the rights and privileges as a citizen and resident of the State of Illinois to be free from tortious physical and emotional injury.

**ANSWER**: Defendants deny that this paragraph contains a full and accurate recitation of the law

and therefore deny the allegations contained in this paragraph.

17.     On July 28th, 2017, the Defendant, City of Chicago, acting by and through its duly authorized agents and/or employees, acting within the scope of their employment for the Defendant, the City of Chicago, shoved and injured the Plaintiff, Geela Williams, without any lawful authority, cause or provocation, intentionally or with deliberate, willful and wanton disregard for Geela Williams' safety, directly and proximately causing multiple fractures to her leg.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT II
## IIED - RESPONDEAT SUPERIOR
### City of Chicago

18.     The Plaintiff re-alleges by incorporation herein the allegations set forth in ¶¶1 through 17, above, as if fully set forth herein.

**ANSWER**: Defendants re-state and incorporate their respective answers to paragraphs 1-17

above as though set forth herein in their entirety.

19. Notwithstanding the numerous Chicago Police Officers who were present during the relevant times listed above, no Chicago Police Officer called for emergency medical services or ambulatory response after Geela had been severely injured by the Chicago Police Officers.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

20. Geela, after having been severely injured by the Chicago Police Officers, loudly and repeatedly shouted that she had been injured, couldn't walk or move, and was in severe agony.

**ANSWER**: Defendants admit that plaintiff loudly and repeatedly shouted she was injured and that she shouted that she could not walk or move. Defendants deny the remaining allegations contained in this paragraph.

21. Emergency Medical Services were eventually dispatched to the above location, even though numerous Chicago Police Officers were present and had failed to call or notify EMS earlier.

**ANSWER**: Defendants admit that the Emergency Medical Services were dispatched to the above location. Defendants deny the remaining allegations set forth in this paragraph.

22. On July 28, 2017, the Defendant, City of Chicago, acting by and through its duly authorized agents and employees, acting within the scope of their employment for the Defendant, City of Chicago, engaged in extreme and outrageous conduct against the Plaintiff, Geela Williams, with the intent to inflict severe emotional distress or under such circumstances as to know there was a high probability that such conduct would inflict severe emotional distress, through the intentional or deliberate, wanton and willful acts against Plaintiff as described herein above, including but not limited to forcibly gaining entry to a private residential back yard, rushing at and forcibly shoving Geela to the ground, and in so doing, placing Geela in reasonable apprehension of receiving further injury and additional bodily harm.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

23. After the Defendant, City of Chicago, acting by and through its duly authorized agents and employees, acting within the scope of their employment for the Defendant, City of Chicago, engaged in extreme and outrageous conduct against the Plaintiff, Geela Williams, with the intent to inflict severe emotional distress or under such circumstances as to know there was a high probability that such conduct would inflict severe emotional distress, through the intentional or deliberate, wanton and willful acts against Plaintiff as described herein above, and thereafter failed to provide emergency medical assistance to or to call for emergency medical assistance after causing severe and traumatic injury to Geela, forcing Geela to continue to suffer from her inflicted injuries.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

24. As a proximate result of the one or more of the aforementioned extreme and outrageous acts of the Chicago Police Officers, acting within the scope of their employment for the Defendant, the City of Chicago, the Plaintiff suffered and will in the future continue to suffer severe emotional distress.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

<u>**COUNT III**</u>
**4TH AMENDMENT (UNLAWFUL ENTRY) - 42 U.S.C. §1983**
**Defendant Zattair**

25. The Plaintiff re-alleges by incorporation herein the allegations set forth in ¶¶1 through 24, above, as if fully set forth herein.

**ANSWER**: Defendants re-state and incorporate their respective answers to paragraphs 1-24 above as though set forth herein in their entirety.

26. On and prior to July 28, 2017, the Plaintiff, Geela Williams, was guaranteed the right to be secure in her person and, as lawful invitee or guest, in another's house, against unreasonable seizures pursuant to the Fourth Amendment to the Constitution of the United States. Plaintiff Geela Williams was entitled to be free from the consequences of the unlawful seizure of her person and the consequences of the unlawful entry of the Defendants onto private property, said seizure and entry without warrant, probable cause or other recognized legal basis, in violation of the Fourth Amendment to the Constitution of the United States.

**ANSWER**: Defendants admit that the plaintiff is guaranteed rights pursuant to the Fourth Amendment to the Constitution of the United States. Defendants deny any wrongdoing as alleged in this paragraph and therefore deny the remaining allegations contained in this paragraph.

27. That the acts of Defendant Zattair in commanding and ordering Chicago Police Officers to enter the private property as described above and incorporated by reference were in violation of the Fourth Amendment to the Constitution of the United States.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

28. As a direct and proximate result of the individual acts of the Defendants, Plaintiff Geela Williams suffered a broken leg bone, including but not limited to multiple fractures of her lower leg, endured and experienced severe and extreme conscious physical, mental and emotional pain and suffering.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

29. As a proximate result of the physical injury inflicted to Geela, she also suffered, and will in the future continue to suffer, severe damages including continuing medical care, loss of reputation, mental anguish, emotional distress, lost wages and employment, and legal expenses, as alleged herein.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

<u>COUNT IV</u>
**4TH AMENDMENT (UNLAWFUL ENTRY) 42 U.S.C. §1983**
**Defendant Warren**

30.     The Plaintiff re-alleges by incorporation herein the allegations set forth in ¶¶1 through 29, above, as if fully set forth herein.

**ANSWER**: Defendants re-state and incorporate their respective answers to paragraphs 1-29

above as though set forth herein in their entirety.

31.     On and prior to July 28, 2017, the Plaintiff, Geela Williams, was guaranteed the right to be secure in her person and, as lawful invitee or guest, in another's house, against unreasonable seizures pursuant to the Fourth Amendment to the Constitution of the United States. Plaintiff Geela Williams was entitled to be free from the consequences of the unlawful seizure of her person and the consequences of the unlawful entry of the Defendants onto private property, said seizure and entry without warrant, probable cause or other recognized legal basis, in violation of the Fourth Amendment to the Constitution of the United States.

**ANSWER**: Defendants admit that the plaintiff is guaranteed rights pursuant to the Fourth

Amendment to the Constitution of the United States. Defendants deny any wrongdoing as alleged

in this paragraph and therefore deny the remaining allegations contained in this paragraph.

32.     That the acts of Defendant Warren in entering the private property as described above and incorporated by reference were in violation of the Fourth Amendment to the Constitution of the United States.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

33.     As a direct and proximate result of the individual acts of the Defendants, Plaintiff Geela Williams suffered a broken leg bone, including but not limited to multiple fractures of her lower leg, endured and experienced severe and extreme conscious physical, mental and emotional pain and suffering.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

34.     As a proximate result of the physical injury inflicted to Geela, she also suffered, and will in the future continue to suffer, severe damages including continuing medical care, loss of reputation, mental anguish, emotional distress, lost wages and employment, and legal expenses, as alleged herein.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

<u>COUNT V</u>
**4TH AMENDMENT (UNLAWFUL SEIZURE/EXCESSIVE FORCE)**
**42 U.S.C. §1983**
*Defendant Warren*

35.     The Plaintiff re-alleges by incorporation herein the allegations set forth in ¶¶1 through 34, above, as if fully set forth herein.

**ANSWER**: Defendants re-state and incorporate their respective answers to paragraphs 1-34 above as though set forth herein in their entirety.

36.     On and prior to July 28, 2017, the Plaintiff, Geela Williams, was guaranteed the right to be secure in her person and, as lawful invitee or guest, in another's house, against unreasonable seizures pursuant to the Fourth Amendment to the Constitution of the United States. Plaintiff Geela Williams was entitled to be free from the consequences of the unlawful seizure of her person and the consequences of the unlawful entry of the Defendants onto private property, said seizure and entry without warrant, probable cause or other recognized legal basis, in violation of the Fourth Amendment to the Constitution of the United States.

**ANSWER**: Defendants admit that the plaintiff is guaranteed rights pursuant to the Fourth Amendment to the Constitution of the United States. Defendants deny any wrongdoing as alleged in this paragraph and therefore deny the remaining allegations contained in this paragraph.

37.     That the acts of Defendant Warren in using excessive force upon Plaintiff Geela Williams as described above and incorporated by reference were in violation of the Fourth Amendment to the Constitution of the United States.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

38.     As a direct and proximate result of the individual acts of the Defendant, Plaintiff Geela Williams suffered a broken leg bone, including but not limited to multiple fractures of her lower leg, endured and experienced severe and extreme conscious physical, mental and emotional pain and suffering.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

39.     As a proximate result of the physical injury inflicted to Geela, she also suffered, and will in the future continue to suffer, severe damages including continuing medical care, loss of reputation, mental anguish, emotional distress, lost wages and employment, and legal expenses, as alleged herein.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT VI
## INDEMNIFICATION

40.     Plaintiff re-alleges by incorporation herein the allegations set forth in ¶¶1 through 39, above by reference as if fully set forth herein.

**ANSWER**: Defendants re-state and incorporate their respective answers to paragraphs 1-39 above as though set forth herein in their entirety.

41.     Pursuant to §9-102 of the Local Government and Governmental Employees Tort Immunity Act ("the Act"), a local public entity is directed to pay any tort judgment or settlement for compensatory damages for which it or an employee acting within the scope of his employment is liability. 745 ILCS 10/9-102.

**ANSWER**: Defendants admit to the extent that the City will indemnify its employees for compensatory damages when acting within the scope of their employment. Defendants deny that the above paragraph contains the full statement of law.

42.     The City of Chicago is a local public entity as defined by the Act. 745 ILCS 10/1-206.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

43.     At all relevant times, the Defendants, Zattair and Warren, were employees of the City of Chicago and acting on behalf of and/or within the scope of their employment with the City of Chicago, State of Illinois.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

1.     Defendants Zattair and Warren are government officials, namely, Chicago Police Officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's complaint, a reasonable officer, objectively viewing the facts and circumstances then confronting Defendants Zattair and Warren, could have believed his actions regarding his encounter with Plaintiff to be lawful, in light of clearly established law and the information that they possessed. Defendants Zattair and Warren therefore are entitled to qualified immunity on Plaintiff's claims under federal law.

2.     The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") provides that a public employee is not liable for his or her act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.  Under that act, where a police officer did not act in a willful or wanton manner, there is no liability, even if those actions proximately caused an accident that resulted in injury or death to a third party.  *Freeman for Estate of Freeman v. City of*

*Chicago*, 74 N.E. 3d 205, 218 (1st App. Dist. March 13, 2017). Willful and wanton conduct is "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety or others or their property." 745 ILCS 10/1- 210. Thus, because Defendants Warren and Zattair at all times relevant to this civil action was acting in the execution and enforcement of the law as a public employee, namely a police officer, Defendants Warren and Zattiar cannot be held liable under a standard of simple negligence. Further, because Defendant Chicago Police Officers Warren and Zattair at all times relevant to this civil action were acting in the execution and enforcement of the law as a public employee and because Defendants Warren and Zattair alleged acts or omissions did not constitute willful or wanton conduct, they cannot be held liable.

3.      As to Plaintiff's state law claims, Defendants Warren and Zattair are not liable for any of the claims alleged because their decisions regarding the investigation, based upon the information and circumstances known to Defendants Warren and Zattair at the time, were decisions that involved the determinations of policy and the exercise of discretion for which they are immune from liability. 745 ILCS 10/2-201 (2014)

4.      Plaintiff has a duty to mitigate her damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened but were not, due to Plaintiff's failure to take reasonable action to minimize those damages.

5.      Plaintiff is not entitled to attorney's fees for her state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App.3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

6.      As to Plaintiff's state law claims, Defendants Zattair and Warren are not liable for any injury caused by an act or omission of another person because they were at all times relevant public employees acting within the scope of their employment, and, as such, are not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2014).

7.      Defendants Warren and Zattair cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless they individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

8.      Any award of damages against Defendants Zattair and Warren shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including, but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages. In addition, at the time of the actions alleged in Plaintiff's complaint, 735 ILCS 5/2-116 (1992) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recover entirely when a plaintiff is more than fifty (50%) of the proximate cause of the injury or damage for which recovery is sought.

9.      Under the rule enunciated in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), Plaintiff's claims may be foreclosed by the criminal prosecution in *People v. Kenny Pugh,* No. 17 CR 12231.

10.     Plaintiff's claims may be barred by the doctrine of collateral estoppel in light of the proceedings and result in *People v. Kenny Pugh,* No. 17 CR 12231.

**JURY DEMAND**

Defendants request a trial by jury for all issues so triable.


Dated: January 31, 2019


Respectfully submitted,

*/s/ Christine K. Wee*
Christine K. Wee
Assistant Corporation Counsel
Attorney No. 6305240


Jessica Griff, Assistant Corporation Counsel Supervisor
Maxwell Lisy, Assistant Corporation Counsel
Christine K. Wee, Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 742-6404
(312) 744-6566 (FAX)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Geela Williams, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 CV 8355 |
| vs. | ) | |
| | ) | Judge Matthew F. Kennelly |
| City of Chicago, | ) | |
| an Illinois municipal corporation, | ) | Magistrate Judge M. David Weisman |
| Nick Zattair and Collin Warren, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

Ekl, Williams & Provenzale LLC
Patrick L. Provenzale
Nemura G. Pencyla
Ekl, Williams & Provenzale LLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-8318 Facsimile
pprovenzale@eklwilliams.com
npencyla@eklwilliams.com

PLEASE TAKE NOTICE that on this 31st day of January 2019, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND,** a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means via the United States District Court for the Northern District of Illinois Eastern Division's CM/ECF system which sends true and correct copy of each document filed to all attorneys and/or parties of record, including, but not limited to plaintiff's counsel identified above as well as all other counsel of record on this 31st day of January 2019.

*/s/ Christine K. Wee*
Christine K. Wee
Assistant Corporation Counsel